FRANK W. HILL *et al.* Appellants, *vs.* THE COUNTY OF LASALLE *et al.* Appellees.

*Opinion filed June 22, 1927—Rehearing denied October 7, 1927.*

1. HIGHWAYS—*when petition under act of 1917 for leave to file bill for injunction should not be dismissed for misjoinder of parties.* A petition under the act of June 21, 1917, for leave to file a bill to enjoin alleged unauthorized expenditure of funds in the construction of a hard road under the Bond Issue act, should not be dismissed because it makes others than State officers parties to the proposed bill, as the contractors interested are proper parties to such an injunction suit, and the act under which the petition is filed is not intended to affect or determine the question of parties nor to change the law in regard thereto but merely provides a summary proceeding to determine whether the proposed bill is justified.

2. SAME—*when petitioners show reasonable ground for filing a bill to enjoin expenditure of funds.* Under the State Bond Issue acts of 1917 and 1923 a petition for leave to file a bill to enjoin expenditure of money in the construction of a proposed hard road shows reasonable ground for filing the bill where its uncontroverted allegations show that the proposed route, instead of following an existing public highway, will run for eighteen miles over territory in which no highway has ever existed, requiring the purchase of an extensive right of way.

APPEAL from the Circuit Court of LaSalle county; the Hon. JOE A. DAVIS, Judge, presiding.

A. E. BUTTERS, and WOODWARD, HIBBS & POOL, for appellants.

OSCAR E. CARLSTROM, Attorney General, RUSSELL O. HANSON, State's Attorney, and G. E. NELSON, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Frank W. Hill, William Watts and John W. Weidner, citizens and tax-payers of LaSalle county, on August 31, 1926, filed a petition in the circuit court of that county in

vacation, under section 4 of the act entitled "An act in relation to suits to restrain and enjoin the disbursement of public moneys by officers of the State," approved June 21, 1917, in force July 1, 1917. (Smith's Stat. 1925, p. 1780.) By their petition they sought leave to file a bill in equity, attached to the petition, praying that the court adjudge that the county of LaSalle in attempting to establish a public highway over a certain route acted without authority, and that the expenditure of the proceeds derived from the sale of bonds authorized by the road bond issue acts of 1917 and 1923 for the construction of a hard-surfaced road over that route is illegal; that the county be enjoined from expending any public funds to acquire the right of way for the proposed route; that the Department of Public Works and Buildings, Cornelius R. Miller, as director of that department, and Frank T. Sheets, as superintendent of highways, be restrained from certifying, and Sheets and Miller, as such superintendent and director, respectively, and Albert C. Bollinger, as director of finance, be enjoined from approving, any vouchers for the cost of constructing a durable, hard-surfaced road over a route deviating from but as a part of State bond issue route No. 18; that Oscar Nelson, as Auditor of Public Accounts, be restrained from issuing, that Omer N. Custer, as State Treasurer, be enjoined from countersigning or paying, and that the C. E. Carson Company, the Henkel Construction Company, the Federal Bridge Company and the Smith Bros. Construction Company, all corporations, be enjoined from accepting, any warrants on the State Treasurer for any such purpose. By an order entered on September 1, 1926, the time of the hearing on the petition was fixed on September 10, but on that day, by a further order based on the agreement of the parties, the hearing was postponed to September 15, 1926. On that day the court found that it had no jurisdiction to grant the prayer of the bill; that the bill was not drawn in conformity with the statute;

that persons who were not officers of the State to disburse public funds, as well as corporations and the county of LaSalle, were improperly joined as defendants to the bill, and that the bill was multifarious as to parties and subject matter. Accordingly, leave to file the bill of complaint was denied and the petitioners prosecute this appeal.

The bill sets forth the applicable provisions of the act entitled "An act in relation to the construction by the State of Illinois of a State-wide system of durable, hard-surfaced roads upon public highways of the State and the provision of means for the payment of the cost thereof by an issue of bonds of the State of Illinois," approved June 22, 1917, adopted by the people on a referendum vote on November 5, 1918, (Smith's Stat. 1925, p. 2237,) known as the Sixty-Million Dollar Road Bond Issue act, and of the act entitled "An act in relation to the construction by the State of Illinois, of durable, hard-surfaced roads upon public highways of the State along designated routes, and the provision of means for the payment of the cost thereof by an issue of bonds of the State of Illinois," approved June 29, 1923, adopted by the people on a referendum vote on November 4, 1924, (Smith's Stat. 1925, p. 2244,) known as the One Hundred Million Dollar Road Bond Issue act; that by section 9 of both acts route No. 18 is described as beginning in a public highway at the western limits of the city of Chicago and running along such highway in a southwesterly direction to Princeton, affording Chicago, Aurora, Oswego, Yorkville, Plano, Sandwich, Earlville, Mendota, Princeton and the intervening communities reasonable connections with each other; that the construction of the State-wide system of roads is under the general supervision and control of the Department of Public Works and Buildings, and that the two road bond issue acts require the department to cause these roads to be constructed upon public highways between the termini of the respective routes, except that section 9 of each act permits the department to

make such minor changes in the location of a route as may become necessary in order to carry out the provisions of the acts; that Leland, Earlville and Meriden are intervening communities between the village of Somonauk and the city of Mendota; that no durable, hard-surfaced road has been constructed on route No. 18 between the village of Somonauk and the city of Mendota, a distance of approximately twenty-five miles; that the proceeds of the sale of bonds issued under the act of June 22, 1917, are exhausted and will not be available for the cost of constructing that part of route No. 18 between the village of Somonauk and the city of Mendota but that the cost of its construction will be defrayed out of the proceeds of the sale of bonds issued by authority of the act of June 29, 1923; that for fifty years prior to the passage of the act of June 22, 1917, and since, the villages of Somonauk and Meriden, and the intervening communities of Leland and Earlville, were connected by a public highway which ran west from the southwest corner of the village of Somonauk six and one-half miles; thence south, through the village of Leland, three miles; thence west, through the city of Earlville, seven miles; thence south one-half mile; thence west three miles; thence south one-half mile, and thence west two miles to the eastern limits of the village of Meriden, which highway was known as the "Cannonball trail," and for many years had been graded and improved and was the usual, ordinary and customary route of travel between the village of Somonauk and the city of Mendota; that there are other and available public highways between the villages of Somonauk and Meriden which answer the description of the public highways described in the act of June 22, 1917, and can be utilized by the Department of Public Works and Buildings and the superintendent of highways as a part of route No. 18; that in anticipation of the paving of the Cannonball trail, and for the purpose of forming a part of route No. 18, the county of LaSalle and the town of Earl

built and constructed at considerable cost a bridge across Indian creek, in the eastern portion of the city of Earlville; that notwithstanding the fact that the Cannonball trail constitutes the main traveled and straightest public highway between the village of Somonauk and the city of Mendota, the Department of Public Works and Buildings and the superintendent of highways threaten to build and construct and without authority of law have advertised for bids and have let contracts to the C. E. Carson Company, the Henkel Construction Company, the Federal Bridge Company and the Smith Bros. Construction Company, all corporations, for the construction of a road, as part of route No. 18, on a route wholly different from that described in the acts of June 22, 1917, and June 29, 1923, and which, with the exception of portions over public streets in the village of Leland and the city of Earlville, extends over land on which no highway has ever been established or maintained; that the right of way on the proposed route has never been acquired; that the route proposed will involve the original construction of approximately eighteen miles of new road running in a diagonal direction through farms immediately south of and contiguous to the right of way of the Chicago, Burlington and Quincy railroad; that the proposed route will require grading and filling for a like distance as well as the construction of new culverts and bridges, and that many of the fills are large and extensive and will require the expenditure of at least $75,000.

It is further alleged in the bill that the Department of Public Works and Buildings and the superintendent of highways claim that the board of supervisors of LaSalle county, by a certain resolution adopted at a regular meeting on March 12, 1926, laid out the proposed route for a public highway, and that by this resolution, after reciting that the right of way for portions of certain State-aid routes had not been acquired and that $21,500 was available from refunds which had been or would be received

from the State under the provisions of section 10 of the act of June 22, 1917, the board of supervisors appropriated that sum for the purpose of securing the right of way for the proposed route and other routes in anticipation of their improvement by the construction of durable, hard-surfaced pavements thereon; that the resolution has been approved by the Department of Public Works and Buildings; that its adoption and approval, it is asserted, constitute the strip of land between the villages of Somonauk and Meriden a public highway within the meaning of the act of June 22, 1917, which may be improved by the expenditure of public funds derived from the sale of bonds authorized by the two State road bond issue acts, and that unless restrained by injunction the Department of Public Works and Buildings and the superintendent of highways will expend money from the proceeds of the sale of such bonds for the construction of the road over the new route.

The complainants, however, charge that these claims are baseless because (1) the Department of Public Works and Buildings has no power to expend any money arising from the sale of bonds authorized by either of the road bond issue acts for the construction of durable, hard-surfaced roads on other than existing public highways, except where minor changes in the location of routes may become necessary to carry out the provisions of the acts; (2) that the deviation from the regularly laid out and established public highways in existence at the time of the passage of the acts for a distance of approximately eighteen miles constitutes a substantial and not a minor change in the location of route No. 18 as described in the two acts; (3) that the county of LaSalle has no power to establish a public highway and the resolution of its board of supervisors is without legal authority; and (4) that the county does not propose in good faith to lay out and improve the strip of land described in the resolution as a State-aid road, but that the action of the county, through its board of supervisors, is

326—33

merely colorable, its true intent and purpose being to acquire the right of way described in the resolution out of funds in the county treasury and then to turn that right of way over to the State to be improved as a part of route No. 18, all of which the county lacks the power or authority to do.

Section 4 of the act entitled "An act in relation to suits to restrain and enjoin the disbursement of public moneys by officers of the State," approved June 21, 1917, in force July 1, 1917, (Laws of 1917, p. 534,) provides that a suit in equity to enjoin the disbursement of public funds, when prosecuted by a citizen and tax-payer of the State, shall be commenced by a petition for leave to file a bill in equity for that purpose; that there shall be attached to the petition a copy of the bill; that the petition shall be presented to the court in term time or to a judge thereof in vacation, and the court or judge, as the case may be, among other things shall by order fix a time, not less than five nor more than ten days thereafter, when the petition will be heard. Notice to the defendants and the Attorney General of the presentation of the petition and the time of the hearing is required. If upon the hearing it shall satisfactorily appear that there is reasonable ground for filing the bill, the court or judge may grant the petition and order the bill to be filed and process to issue. The fifth section provides that on the filing of the bill summons shall be issued commanding the defendant or defendants to appear on a certain day fixed by the court, which shall be not less than five days nor more than ten days after the filing of the bill. The summons shall be served at least five days before its return day. Every defendant who shall be summoned shall be held to demur, plead or answer to the bill on the return day, and, so far as the hearing is concerned, the suit shall have preference over all other cases. In case the court or judge denies leave to file the bill, section 6 gives the petitioner the right to appeal to this court.

One of the reasons why the circuit court denied leave to file the bill of complaint was that parties other than State officers were made defendants thereto. Appellants insist that these additional parties were necessary to a bill to enjoin the disbursement of public funds because their rights could not be adjudicated and complete relief could not be granted in their absence, and it was not the purpose of the act of June 21, 1917, to change the law in that respect. Prior to the enactment of the statute a tax-payer might institute, as a matter of right, a suit to restrain State officers, as well as other public officers, from disbursing public funds. These suits were often well founded, but when prosecuted for some ulterior or malicious purpose they might, and sometimes did, seriously embarrass the proper administration of public affairs. When the right of a public officer charged with the duty and responsibility of the proper application of public funds to disburse such funds is challenged by a lawsuit, it is obvious that for his own protection he will refuse to pay out the money in his custody until the suit is finally adjudicated. Hence the General Assembly, as a check upon the indiscriminate institution of such suits, provided by the act of June 21, 1917, that when a tax-payer seeks to enjoin a State officer from disbursing public funds, he must by a petition show that there is reasonable ground for filing the bill and obtain leave for that purpose. The act provides a summary proceeding to determine whether a bill in equity to enjoin the disbursement of public moneys by State officers is justified and should be filed, and by that proceeding seeks to prevent unwarranted interference with the performance of certain public duties.

The construction of the State-wide system of roads, and all work incidental thereto, are under the general supervision and control of the Department of Public Works and Buildings, subject to the approval of the Governor, and that department is authorized to take whatever steps may be

necessary to cause that system of roads to be constructed. (Laws of 1917, sec. 2, p. 696; Laws of 1923, sec. 2, p. 512.) The bill alleges, among other things, that the Department of Public Works and Buildings has let contracts to certain of the defendants for the construction of a road as a part of route No. 18 but deviating therefrom without warrant, and that the department threatens illegally to cause public moneys to be paid to the contractors therefor. The contractors would be proper parties to an ordinary injunction suit to prevent the making of such payments. (Story's Eq. Pl.—9th ed.—sec. 72.) A complete determination of the issues raised by such a suit may require that parties other than and in addition to State officers be made defendants, and if their presence excludes the suit from the operation of the act its purpose will be largely defeated. The act should be made effective against the evil it was intended to abate, and it should not be so construed as to deprive the tax-payer of his right to present his cause to a court of equity. The question of parties is not affected or determined by the act, and the circuit court erred in denying leave to file the petition because the parties thereto were not confined to State officers.

Appellants further contend that the proposed route between the villages of Somonauk and Meriden, a distance of approximately eighteen miles, over which no highway was ever established, is not such a minor change in the location of a route as is permitted by the road bond issue acts of 1917 and 1923 but is a substantial and unnecessary departure therefrom and for that reason is unauthorized. By their titles these acts relate to the construction by the State of a system of durable, hard-surfaced roads upon public highways of the State. Section 1 of each act provides that a State-wide system of such roads shall be constructed by the State upon its public highways, "along the hereinafter described routes as near as may be," etc. By section 9 of each act the general location of the routes upon and along

which the proposed roads are to be constructed shall be substantially as described in that section, in order to connect with each other the different communities and principal cities of the State, save that the Department of Public Works and Buildings shall have the right to make such minor changes in the location of the routes as may become necessary to carry out the provisions of the act. The same section defines the courses of the several routes and fixes their termini. Route No. 18 begins in a public highway at the western limits of the city of Chicago and runs "along such highway" in a southwesterly direction to Princeton, affording certain cities and villages specifically mentioned, "and the intervening communities, reasonable connections with each other." (Smith's Stat. 1925, pp. 2237-2241, 2244-2246.) Obviously, the two road bond issue acts require the durable, hard-surfaced roads to be built on public highways except where minor changes in the location of a route become necessary to effectuate the provisions of the acts.

Upon the application to the circuit court for leave to file appellants' bill of complaint the allegations of the bill were not controverted. Hence it appears that if the plan of the Department of Public Works and Buildings and the county of LaSalle should be carried out, route No. 18 between the villages of Somonauk and Meriden will be changed from an existing highway to a new location parallel and contiguous to the right of way of the Chicago, Burlington and Quincy railroad, over which, with the exception of portions in the village of Leland and the city of Earlville, no highway has ever existed. The proposed change in location, the bill alleges, will require the acquisition of approximately eighteen miles of right of way, when not only the Cannonball trail, the principal highway between the villages of Somonauk and Meriden, but other highways between the same communities, are available for improvement as a part of route No. 18. In view of these allegations it

cannot be said that the proposed change in location is a minor one made necessary to carry out the provisions of the State road bond issue acts. Reasonable ground for the filing of their bill was shown by appellants, and the circuit court should have granted their petition and ordered the bill to be filed.

The order of the circuit court is reversed and the cause is remanded to that court, with directions to proceed in conformity with this opinion.

*Reversed and remanded, with directions.*