(No. 25711.—
Arnold L. Lund, Appellant, *vs.* Henry Horner, Governor, *et al.* Appellees.

*Opinion filed Dec. 16, 1940—Rehearing denied February 5, 1941.*

Arnold L. Lund, *pro se,* appellant.

John E. Cassidy, Attorney General, (P. C. Otwell, of counsel,) for appellees.

Mr. Justice Stone delivered the opinion of the court:

Appellant, as a citizen and taxpayer of the State, under authorization of paragraphs 12 and 14 of the Officers act, (Ill. Rev. Stat. 1939, chap. 102, pars. 12 and 14, p. 2203,)

filed a petition in the circuit court of Sangamon county for leave to file a taxpayer's suit seeking to enjoin Henry Horner, Governor, Edward J. Barrett, Auditor of Public Accounts, and Louie Lewis, State Treasurer, from the disbursement of certain funds appropriated by the act of the General Assembly hereinafter referred to. Leave was denied and he brings the case here for review. A copy of the complaint sought to be filed was attached to the petition.

The petition alleges, and the complaint sets forth more in detail, that the General Assembly, in 1939, adopted an act entitled: "An act to provide for the ordinary and contingent expenses of the Department of Public Works and Buildings," etc., (Laws of 1939, p. 216,) which is unconstitutional as contravening section 16 of article 5 of our constitution requiring that bills making appropriations of money out of the treasury shall specify the objects and purposes for which the same were to be made and appropriate to them, respectively, their several amounts in distinct items and sections.

The petition and the complaint also allege that by article 2 of section 6 of the Appropriation act, a blanket sum of $1,000,000 was appropriated for maintenance of road markers, warning signs, investigation for motor vehicle accidents, and the like, which are separate purposes and for each of which a separate and distinct sum must be appropriated.

Section 4 of the act permitting suits to restrain the disbursement of public moneys, (Ill. Rev. Stat. 1939, chap. 102, par. 14,) provides that upon the filing of such petition and on hearing thereof, "if the court or the judge thereof shall be satisfied that there is reasonable ground for the filing of such suit in equity, the court or judge may grant the petition and order the complaint to be filed and process to issue. The court or judge may, in its or his discretion, grant leave to file the complaint as to certain items, parts or portions of any appropriation act sought to be enjoined

and mentioned in such complaint, and may deny leave as to the residue." Where, as in this case, the petition for leave to file is sworn to, its allegations must be taken to be true. *Greenfield* v. *Russel,* 292 Ill. 392.

The purpose of the constitutional provisions requiring the separation of items of an appropriation was stated by this court in *Martens* v. *Brady,* 264 Ill. 178, to be to enable the Governor, when passing on appropriation bills, to consider and act on the items of the appropriation separately. It was, in *Peabody* v. *Russel,* 302 Ill. 111, held, that even before the people adopted an amendment in 1884 conferring what was known as the "item veto power" upon the Governor, the constitution contemplated that the purposes of appropriations made by the General Assembly should be specified.

The appropriations objected to were provided by sections 6 and 7 of House Bill 322, approved July 1, 1939. (Laws of 1939, p. 216.) Article 1 of section 6 appropriated from the road fund to the Department of Public Works and Buildings, as follows: "For the purpose of constructing, widening, reconstructing and improving the State Highway System, Federal Aid Roads, and State Highway Belt Line Roads, erection of route markers, warning signs, direction signs, and traffic signals, and for the purchase of rights of way and condemnation thereof and for the separation of the grades of said roads with railroads and with highways and the construction of extensions of such roads into cities, towns and villages and for the purchase of land and the erection of buildings or for any purpose relating or incident to and connected with the construction, widening, reconstruction and improvement of said roads including consequential damages arising therefrom, $46,700,000."

Article 2 of section 6 made the following appropriation: "For the making of traffic surveys, the maintenance of route markers, warning signs, direction signs, traffic sig-

nals, investigations and reporting motor vehicle accidents, $1,000,000."

By article 1 of section 7 there was appropriated from the motor fuel tax fund to the Department of Public Works and Buildings, for the purposes set out in the exact language of the appropriation of article 1 of section 6 from the road fund, the sum of $23,800,000.

Appellant contends that the purposes set out in article 1 of sections 6 and 7 are not sufficiently definite. The rule adopted in this State as to appropriations of this character, while recognizing the importance of the constitutional limitation upon appropriations, is that where the purpose for which the money is appropriated is single, as in the construction of a system of roads, the constitution does not require an itemization in detail of all expenditures of money in connection with the general purpose for which the appropriation is made. It is pointed out that the General Assembly could not know at the time of making the required appropriation, even approximately, the amount required for each of the various contracts or purposes. (*Mitchell* v. *Lowden,* 288 Ill. 327; *Martens* v. *Brady, supra.*) In *Winter* v. *Barrett,* 352 Ill. 441, the distinction between the appropriations there under consideration and those in *Mitchell* v. *Lowden, supra,* and *Martens* v. *Brady, supra,* is pointed out. Attention is called to the fact that in *Martens* v. *Brady, supra,* the appropriation was for the purpose of building and maintaining State roads, and in *Mitchell* v. *Lowden, supra,* for the construction of a system of hardsurfaced roads, and so did not violate section 16 of article 5 of our constitution.

Applying the rule laid down in these cases to the appropriations under article 1 of section 6 and article 1 of section 7 of the Appropriation act complained of, it is clear that the purpose there set out is single and that the General Assembly could not know into what detailed items to divide it, as they would not know what the expense of

the various steps in connection with constructing, widening and reconstructing highways, separation of grades and the like, would amount to. We are of the opinion that those appropriations do not violate section 16 of article 5 of our constitution.

As to the appropriation under article 2 of section 6 hereinbefore quoted, which makes a lump sum appropriation of $1,000,000 for traffic surveys, maintenance of route markers, warning signs, direction signs, traffic signals, investigations and reporting of motor vehicle accidents, it is clear from the mere reading of that section that the objects for which this appropriation is made do not represent integral parts of a single purpose. There is no necessary relation between making traffic surveys and investigating and reporting motor vehicle accidents, and as to that item of the complaint the circuit court erred in refusing permission to file the complaint.

While, under paragraph 14, the court or judge is vested with discretion whether he shall allow the petitioner to file his complaint as to certain items of appropriation and not as to others, the discretion to be exercised is a judicial discretion, and as to the appropriation in article 2 of section 6 of the act, we are of the opinion it was an abuse of discretion vested in the court to deny leave to file the complaint.

Appellant also complained in his petition of certain appropriations for travel to various State Departments, but as he does not argue that point in his brief he is deemed to have abandoned it.

Counsel for the People say that there is not a proper joinder of parties here, and that the contractors are entitled to be made parties. They cite *Hill* v. *County of LaSalle,* 326 Ill. 508, in support of that contention. In that case, however, it appeared that contracts had been let. Nothing appears in this case to indicate that any contracts

have been let to which the appropriation made by article 2 of section 6 may be made applicable.

It is also contended that the suit was improperly brought in that the Governor was made a party. They cite *People* v. *Dunne,* 258 Ill. 441, where it is held that under article 3 of the constitution, dividing the government of the State into three distinct departments, neither department shall be permitted to coerce the other, hence the judicial department is without jurisdiction to award a writ of *mandamus* against the Governor to perform a duty imposed upon him by his office. Regardless of such rule in *mandamus* cases, the Governor, in a case such as before us, is not a necessary or proper party to a complaint seeking the relief sought here. It is not contended that others named defendants are not proper parties.

The question before us is whether the complaint sought to be filed sufficiently shows a right of action. We are not concerned with whether the allegations of the complaint can, on hearing, be sustained, and no opinion is expressed on that matter; but the facts set out in the petition and complaint, considered as true, as they must for the purpose of this inquiry, state a reasonable ground for filing the complaint as to the appropriation of $1,000,000 made under article 2 of section 6 of the Appropriation act of 1939. The circuit court erred in refusing to permit the filing of the complaint as to that item against the Auditor and State Treasurer. Its decree is, therefore, reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. Justice Shaw, dissenting.