(No. 37403.—

STRAT-O-SEAL MANUFACTURING COMPANY *et al.,* Appellants, *vs.* WILLIAM J. SCOTT, State Treasurer, *et al.,* Appellees.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

OWEN FAIRWEATHER, WALTER P. LOOMIS, JR., and JERROLD L. SAGER, all of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (MADALYN MAXWELL, Assistant Attorney General, of counsel,) for appellees.

SHERMAN CARMELL and SHELDON M. CHARONE, both of Chicago, for *amici curia,* Chicago Federation of Labor *et al.*

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

An Illinois business corporation and an individual citizen of the State filed a petition in the circuit court of Sangamon County, under the provisions of "An Act in relation to suits to restrain and enjoin the disbursement of public moneys by officers of the state." (Ill. Rev. Stat. 1961, chap. 102, par. 11 *et seq.*) The act provides that such a suit, if prosecuted by an ordinary citizen and taxpayer instead of the Attorney General, must be commenced by a petition for leave to file it, and that if the court is satisfied that there is reasonable ground for filing the suit the petition may be granted. In the case at bar the court denied leave to file. Petitioners appeal to this court pursuant to section 6 of the act. Ill. Rev. Stat. 1961, chap. 102, par. 16.

The complaint sought to be filed prays in count I for an injunction restraining the defendant State officers and members of the Public Aid Commission from making general assistance payments to persons who are out of employment solely because they are participating in a strike. Count II seeks to enjoin the making of aid-to-dependent-children grants where the parents are out of employment solely because of participating in a labor strike. No question is raised about the plaintiffs' standing to sue, or about the sufficiency of the proposed complaint to allege the making of such payments and the likelihood of their continuation in the absence of an injunction. The sole question in this case is whether the facts alleged in the petition and proposed

complaint, taken as true, disclose a reasonable ground for the filing of a suit.

Section 4—1 of the Public Assistance Code defines eligibility for general assistance. Under its provisions aid is restricted, insofar as is relevant here, to "Persons who for unavoidable causes are unable to maintain a decent and healthful standard of living." It is further provided therein that "Any employable person who refuses suitable employment or training for self-support work shall not receive general assistance." (Ill. Rev. Stat. 1961, chap. 23, par. 401.) With respect to the second count of the proposed complaint, which seeks to enjoin payments for aid to dependent children, the applicable statutory provisions are found in section 6—7 of the Public Assistance Code. Under the terms of that section children qualify who are deprived of means of support or care "because of the unemployment or insufficient earnings of a parent or parents." Ill. Rev. Stat. 1961, chap. 23, par. 607.

After a careful examination of the proposed complaint and the facts alleged in the petition we are satisfied that reasonable grounds exist for filing suit. As we have indicated, the statute governing these proceedings provides that when suit to restrain the disbursement of public moneys is brought by a citizen taxpayer, it must be commenced by petition for leave to file. The purpose of this requirement was to establish a procedure which would serve as a check upon the indiscriminate filing of such suits. (*Barco Manufacturing Co.* v. *Wright*, 10 Ill.2d 157.) Prior to its enactment a taxpayer could file suit as a matter of right, and when such a suit was brought for an ulterior or malicious purpose it could seriously embarrass the proper administration of public affairs. As we pointed out in *Hill* v. *County of La Salle*, 326 Ill. 508, 515, "When the right of a public officer charged with the duty and responsibility of the proper application of public funds to disburse such funds is challenged by a lawsuit, it is obvious that for his own

protection he will refuse to pay out the money in his custody until the suit is finally adjudicated."

While it is important, therefore, that unjustified interferences be prevented, it is equally important that suits which do not appear unjustified are not barred or foreclosed. We find nothing in the present record to indicate that the purpose is frivolous or malicious, or that a filing of the complaint is otherwise unjustified.

In this proceeding we are not concerned, of course, with whether the allegations of the proposed complaint can, on hearing, be sustained, and we express no opinion thereon. All we decide is that for the purpose of this inquiry the petition states reasonable grounds for filing suit.

The circuit court of Sangamon County erred in refusing to permit a filing of the complaint. Its order is reversed and the cause remanded, with directions to allow the complaint to be filed.

*Reversed and remanded,*
*with directions.*