(No. 42971.—

PAUL E. HAMER *et al.,* Appellants, *vs.* GEORGE MAHIN, Director of Revenue, Appellee.

*Opinion filed December 4, 1970.*

PAUL E. HAMER, of Northbrook, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE, Assistant Attorney General, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case is a sequel to *People ex rel. Hamer* v. *Jones,* 39 Ill.2d 360, decided in March of 1968. In the present case, as in that one, the taxpayers, Paul E. Hamer and June T. Hamer, his wife, sought declaratory relief, an injunction and relief by way of *mandamus,* with respect to the asserted failure of the defendant, the Director of Revenue of the State of Illinois, to perform his statutory duty to equalize and assess all taxable property at its full, fair cash value.

Like the complaint in the earlier case, the present complaint alleges that the various types of real property in Lake County, "i.e., residential, unsold lots in subdivisions, improved farm lands, commercial and industrial property, have

since 1961 and each year thereafter been assessed and equalized at different per centums [sic] less than the full, fair cash value, varying from twenty percent (20%) to fifty-five percent (55%) of full, fair cash value and said property will, in the future, continue to be assessed and equalized at less than full, fair vash value in contravention of the law." The complaint also contains allegations concerning the practices followed in Lake County with respect to the assessment of personal property.

In the earlier case this court affirmed the judgment of the circuit court of Lake County which dismissed the complaint on the grounds that to grant the relief sought would create extreme expense, disastrous disorder, and confusion and hardship for taxpayers. In addition, the court held that the taxpayer plaintiffs had failed to allege sufficient facts to show how they were damaged by the conditions they allege. In the case now before us the order appealed from found that the present complaint had remedied those defects referred to in the earlier case "and complies in all respects with the opinion in the earlier cause." The order further quoted from this court's opinion in that case and continued with the following finding and order:

"4. That it is clear from the court's opinion that the Supreme Court has retained in itself alone the right to determine that point in time when the court will no longer defer to legislative action in a matter as important to the state as the raising of its revenue.

It is hereby ordered that the above-entitled cause of action be and it is hereby dismissed without prejudice and without costs being taxed."

In his brief the Attorney General thus describes the problem in this case: "For 43 years the legislative mandate has been that all property in the State of Illinois should, for tax purposes, be assessed at its full fair cash value. For many years the administrative branch of the State of Illinois

and, more particularly, the Department of Revenue has not followed and carried out that legislative directive, unquestionably a violation of the legislative directive. For some 11 years plaintiffs-appellants have complained about this violation of the law, and have been engaged in a marathon of litigation seeking to force the Director of Revenue to follow the letter of the law."

Everyone acknowledges that the problem is a difficult one. This court has not, however, intended to retain to itself alone the power to determine when, and to what extent, compliance with the constitutional command of uniformity is to be required.

Since the judgment of the trial court was entered, article IX-A was added to the constitution of the State of Illinois. That article, which becomes effective January 1, 1971, provides: "Notwithstanding any other provision of this Constitution, the taxation of personal property by valuation is prohibited *as to individuals.*" Ill. Const., art. IX-A.

The judgment of the circuit court of Lake County is reversed and the cause is remanded for further proceedings in accordance with law.               *Reversed and remanded.*