PAUL E. HAMER *et al.*, Plaintiffs-Appellants, *v.* GEORGE E. MAHIN, Direc-tor of the Department of Revenue, *et al.*, Defendants-Appellees.

(No. 72-24;

Second District—July 20, 1973.

Paul E. Hamer, of Northbrook, for appellants.

William J. Scott, Attorney General, of Chicago, (Warren K. Smoot, Assistant Attorney General, of counsel,) for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs appeal from the granting of summary judgment to defendants. Plaintiffs' seven-count amended complaint alleged, in essence, that defendants had in the assessment and equalization of property subject to taxation, violated certain provisions of the Illinois Revenue Act, Ill. Rev. Stat. 1967, ch. 120, sec. 482 *et seq.*, and the state and federal constitutions; they requested appropriate relief for the years 1967 through 1971.

Plaintiffs have been contesting alleged non-uniform and unequal taxation practices in administration of the Revenue Act for several years. Dismissal of an earlier complaint against the Department of Revenue and Lake County Board of Review was affirmed by the Supreme Court on the ground that granting relief would cause chaos, the complaint lacked specificity and failed to show a basis of damage. *People ex rel. Hamer v. Jones*, 39 Ill.2d 360 (1968).

On September 24, 1968, plaintiffs individually brought a new action against the Director of Revenue by filing a three count complaint. (The first count sought a declaratory judgment, and recited, in relevant part, that: plaintiffs were the owners of real property in Lake County, that various real property in the county was assessed and equalized at different per centums less than full fair cash value, that residential real property in Lake County was assessed at approximately fifty percent of its actual value. The count also set out the duties of the defendant and the percentages at which various types of personal property were assessed and equalized. The second count, realleging the factual basis of the first, sought relief by way of mandatory injunction, and the third count requested issuance of a writ of mandamus.) Defendant filed a motion to dismiss for failure to state a cause of action on which relief could be granted. The court, noting that plaintiffs had been petitioners in *People ex rel. Hamer v. Jones, supra,* found that the new complaint was sufficient under the opinion in the earlier case, but dismissed the action on the ground that, by the *Jones* decision, the Supreme Court had retained in itself the right to determine when the judiciary would no longer defer to legislative action in revenue matters. On appeal, this action was reversed, the Supreme Court holding that it had not "intended to retain to itself alone the power to determine when, and to what extent, compliance with the constitutional command of uniformity is to be required." *Hamer v. Mahin*, 47 Ill.2d 252, 254 (1970).

The remanded cause was redocketed in the trial court in February of 1971, and on April 26, plaintiffs filed a seven count amended complaint. As amended, the complaint was brought as a class action on behalf of plaintiffs and all other citizens, residents, taxpayers, and property owners in the State of Illinois, in addition to the Director of Revenue it named the Director of the Department of Local Government Affairs as a defendant, and was directed against defendants both individually and as representatives of all assessment officials of the state. The present appeal is taken from the summary judgment eventually entered against plaintiffs on this amended complaint.

Count I, seeking a declaratory judgment, detailed the various duties of defendant Director of the Department of Local Government Affairs with regard to both locally assessed property and that originally assessed by the Department; asserts that various real property is assessed at different percentums less than that used for residential purposes; that residential realty is assessed less than its full fair cash value, *i.e.*, at fifty percent of its value rather than one hundred percent as required by statute; avers that plaintiffs had filed written complaints before the Lake County Board of Review for the years 1956 and 1966 through 1970, requesting that all property be assessed or equalized to its full fair cash value, and had for the years 1965 to 1970 petitioned defendants to supervise assessment of all property in the State to full fair cash value; alleges that assessment and equalization of property in the manner described had resulted in intentional discrimination between individuals and corporations and between properties within a particular class in violation of the fourteenth amendment of the federal constitution as well as art. II, sec. 2 and art. IX, sec. 1 of the Illinois Constitution of 1870; claims that plaintiffs are aggrieved by the assessment and equalization at less than full fair cash value which results in unequal and illegal taxes; states that this unlawful conduct is taking place within each county of the State; that litigation by each taxpayer or taxbody would result in multiplicity of suits; that a speedy judicial determination is essential to the public interest; that there is no adequate remedy at law. The prayer is for a declaration that all taxable property in the state be assessed (for 1971 tax purposes) at full fair cash value as defined by statute, that defendant be directed to instruct all tax assessment officials of their constitutional and statutory duties; that defendant comply with the applicable statutes as of January 1, 1971; that the court retain jurisdiction to enforce its order; and that plaintiffs receive costs and attorneys' fees.

Count II realleges the paragraphs of the first count, and adds that the deliberate assessment below full fair cash value and in an unequal

manner perpetrates a fraud on the taxpayers. It prays for an injunction enjoining assessments at less than full fair cash value, and ordering defendants to assess and equalize at 100% of value beginning January 1, 1971.

Count III again realleges Count I. It adds that the Department has the annual duty of reviewing reports of the local boards of review or boards of appeal and of adding sufficient to the aggregate assessments percentages to bring them to full fair cash value; that the Department of Local Government Affairs is required to reconsider estimates of full fair cash value when petitioned by a taxpayer; that defendant Lehnhausen has the statutory duty to direct the equalization and assessment of all property to full fair cash value and that he has refused to do so. It requests issuance of a writ of mandamus commanding defendant Lehnhausen to direct the assessment and equalization of all property at its full value for the 1970 tax year.

Count IV is brought by petitioner in a representative capacity seeking double damages under the provisions of Ill. Rev. Stat. 1969, ch. 120, sec. 804.

Count V states that for the tax years 1967 through 1970, defendants or their predecessors had the duty of assessing or equalizing all property in the state at full fair cash value, but assessed or equalized at less than this amount; that a different per centum of full fair cash value was employed for commercial and industrial property than was used for residential property; that the Revenue Act requires all property be assessed at its fair cash value, and the 1970 state constitution requires all property within a class be assessed uniformly; that the Director of Revenue has had the duty of reassessing improperly assessed commercial and industrial property for the years 1967 through 1970; that local boards of review or appeal have the duty of correcting any such errors in assessments; that the Director of the Department of Local Government Affairs has the duty of assessing or equalizing all property in the state to its fair cash value, and that defendants have failed in their aforesaid duties. Plaintiffs then request a writ of mandamus to compel correction of commercial and industrial property assessments by employing the same percentile level applied to single family residences for the years 1967 through 1970.

Count VI recites the duties of defendants regarding original assessment and equalization of assessments to full fair cash value; states that various property under their jurisdiction has been assessed and equalized at per centums of full fair cash value different than that of property used for residential purposes; that since 1967 residential real property in Lake County has been assessed at 55% of full fair cash value; that the equalization factor and multiplier issued to Lake County indicates a finding that

the approximate assessment level throughout the State is 50% of full value; that within Lake County personal property of residential property owners is generally assessed at 3% of value while motor vehicles are assessed at 30%; that plaintiffs' property is assessed in conformity with the given figures; that various corporate assets are assessed at figures ranging from 4% to 100%; that defendant has failed to fulfill its duty of assessing and equalizing taxable property to its full fair cash value; that valuation of taxable property at varying per centums less than full fair cash value is intentional discrimination between individuals and corporations and between property within a particular class; that plaintiffs are injured by alleged under-assessment and resulting unequal and illegal taxes; that there is no adequate remedy at law; that the issues presented prevail throughout the state; that the class action is necessary to avoid multiplicity of suits, and that a speedy judicial determination is necessary in the public interest. Plaintiffs pray for a declaratory judgment that the Revenue Act and the State and Federal Constitutions require assessment of all taxable property for the 1967 to 1970 tax years at full fair cash value, and for other appropriate relief.

Count VII realleges the paragraphs of the previous count, and requests a mandatory injunction directing defendants to assess and equalize all property in the state at full fair market, or the same percentum of full fair value for the tax years 1967 through 1970.

While their complaint was pending, plaintiffs made a motion for summary judgment. On June 3, 1971, defendants filed a like motion, unsupported by affidavits. The stated grounds of defendant's motion were that granting plaintiffs relief for the years in which tax collection was in process or completed would cause chaos in administration of the tax laws, further that adjudication of the issues respecting the 1971 tax year should be postponed because legislative action was anticipated in amending the property tax laws to permit assessment at 50% of full value, and that the complaint should be dismissed *in toto* if such action took place.

During the July 7, 1971, hearing on the motions for summary judgment both parties argued. In the course of argument it was related that the General Assembly had passed House Bill 556 which would allow assessments of property at fifty percent of full fair cash value. The court's oral comments indicated that it did not believe it was a proper time for judicial determination of the case in view of the new Illinois Constitution and pending House Bill 556, and that it was prone to dismiss on that basis. The hearing ended with the court continuing the matter generally to await final signing of the amendatory act in question.

Thereafter, the house bill was signed into law, becoming sec. 1 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, sec. 482) applicable to assess-

ments made in 1971 and thereafter. The section is a definitional one, and subsection (24) thereof provides, "Except in counties with a population of more than 200,000 which classify real property for purposes of taxation, the term 'fair cash value' * * * means 50% of the actual value of real and personal property."

On October 15, 1971, plaintiffs filed a motion for leave to file a supplemental complaint and to name the Lake County Board of Review as an additional defendant. In support of the motion, plaintiffs cited matters which arose after filing of the pleadings, including the effective date of the 1970 Illinois Constitution and the passing into law of House Bill 556. The tendered complaint contained an attack on the constitutionality of both the amendment to the Revenue Act and certain provisions of the 1970 Constitution. Plaintiffs' motion was denied on October 29, 1971.

Thereafter, on November 5, 1971, the court filed the order from which the present appeal is taken. In relevant part, the order stated that under *People ex rel. Hamer v. Jones, supra,* legislative action was necessary to correct problems of the property tax, but that the judiciary would not abdicate its responsibility if the legislature failed to act; that *Hamer v. Mahin, supra,* indicated that the Supreme Court did not retain sole power to determine when and to what extent uniformity in taxation is to be required; that the amended complaint in the present cause complies with the requirements of the prior opinions; that, because of the adoption of the new constitution and House Bill 556, the requirements of legislative action under *Jones* is satisfied, and "it is not the time for the judiciary to correct the inequities of which plaintiffs complain;" that "there is no genuine issue as to any material fact and * * * defendant is entitled to a Summary Judgment as a matter of law."

Plaintiffs raise several contentions on appeal.

We consider first the propriety of the refusal by the trial court to allow plaintiffs to file their supplemental complaint and join an additional party.

■■ The Civil Practice Act provides that supplemental pleadings may be allowed by leave of court in order to allege matters which arise after the original pleadings have been filed. (Ill. Rev. Stat., 1971, ch. 110, sec. 39.) In the present case, both the effective date of the new state constitution and the passing of House Bill 556 occurred after filing of the amended complaint; the tendered supplemental complaint set forth that fact and contested the constitutionality of both. It is well settled that the provisions of the Practice Act should be liberally construed to achieve speedy and final determinations of controversies. Ill. Rev. Stat. 1971, ch. 110, sec. 4; *Skolnick v. Martin,* 32 Ill.2d 55, 59 (1964), *cert. den.,* 381 U.S. 926 (1965); *Rank v. Rank,* 107 Ill.App.2d 339, 342 (1969).

■■■ Generally whether to allow an amendment to pleadings (including supplemental pleadings, see: *Kovac v. Kovac*, 26 Ill.App.2d 29, 48 (1960)) is a discretionary matter for the trial judge; the exercise of that discretion, however, is to be tested by whether the ends of justice are furthered. (*Bowman v. County of Lake*, 29 Ill.2d 268, 281 (1963), appeal dismissed, 382 U.S. 13 (1965); *Ennis v. Illinois State Bank of Quincy*, 111 Ill.App.2d 71, 76 (1969); *Lahman v. Gould*, 82 Ill.App.2d 220, 227 (1967), appeal dismissed, 390 U.S. 458 (1968).) Here, the trial court, to facilitate full adjudication of the issues, should have applied the liberality intended under the Civil Practice Act and allowed plaintiffs to file their supplemental pleadings. By refusing, the court prevented plaintiffs from having their day in court to test the validity of the very enactments upon which the final order relied. Refusal to allow the additional pleadings did not promote the ends of justice.

■■■ The Civil Practice Act provision for the nonjoinder or misjoinder of parties states that no action shall be dismissed for nonjoinder "without first affording reasonable opportunity to add them as parties." (Ill. Rev. Stat. 1971, ch. 110, sec. 26.) This section has been interpreted as granting a trial court broad discretion in adding new parties. (*Pearce v. Desper*, 11 Ill.2d 569, 578 (1957).) The defendants consistently argued that, if illegal assessment had occurred, local officials rather than the named defendants were responsible, and that the named defendants could not interfere with local assessments. Under these circumstances, joinder was necessary for a full determination of issues before the court. Considering the rule that the Practice Act is to be liberally construed, together with the fact that the case was still in the pleading stage, we find it was an abuse of discretion to deny plaintiffs leave to join the Board of Review as a defendant in the instant case.

We next consider the entry of the summary judgment in favor of defendants. The Civil Practice Act provides that a summary judgment shall be rendered if it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." (Ill. Rev. Stat. 1971, ch. 110, sec. 57(3); *Fooden v. Board of Governors*, 48 Ill.2d 580, 586 (1971).) The order in the instant case recites such a finding.

We have examined the amended complaint and conclude that certain of the various counts set out general conclusions of law or fact but that others contain factual matters presenting triable issues. Illustrative of the latter are statements of fact that different per centums of full fair cash value are employed in assessing different property, and that the Director of the Department of Local Government Affairs, in making original assessments of certain property, does so at different per centums less than

full fair cash value and at per centums less than those used in assessing residential property. The trial court seems to have believed that the definition of fair cash value in House Bill 556 (as fifty percent of actual value) answered, as a matter of law, all issues raised in plaintiffs' complaint. However, the complaint alleged not only that various property is assessed and equalized at less than one hundred percent of full value, but that property was assessed and equalized at differing per centums of full fair cash value in a deliberate, discriminatory manner. This contention remains at issue whether fair cash value be defined as one hundred percent or fifty percent of full value.

■■ For the reasons given, plaintiffs should have been permitted to file their supplemental complaint and to join the Lake County Board of Review as a defendant, and, since the pleadings presented triable issues of fact, defendants should not have been granted summary judgment.

Reversed and remanded.

ABRAHAMSON and SEIDENFELD, JJ., concur.