PAUL E. HAMER, Plaintiff-Appellant, *v*. ALLAN DIXON, Treasurer of the State of Illinois, *et al.*, Defendants-Appellees.

Second District   No. 77-83

Opinion filed June 15, 1978.

Paul E. Hamer, of Northbrook, for appellant, *pro se*.

William J. Scott, Attorney General, of Chicago (Herbert Lee Caplan, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE BOYLE delivered the opinion of the court:

On August 19, 1976, the circuit court of Lake County denied plaintiff-appellant, Paul E. Hamer, hereinafter plaintiff, leave to file a first amended complaint which sought to enjoin the disbursement of public funds by the defendants-appellees, Allan Dixon and George W. Lindberg, the respective Treasurer and Comptroller of the State of Illinois, hereinafter the defendants.

The plaintiff, on behalf of all taxpayers situated in the county of Lake and State of Illinois, brought this suit pursuant to the provisions of "An Act in relation to suits to restrain and enjoin the disbursement of public moneys by officers of the state" (Ill. Rev. Stat. 1975, ch. 102, pars. 11-16),

to restrain and enjoin the disbursement of public moneys and, in particular, grants-in-aid for education, library, and public assistance, "until the levels of assessment are equalized between the various taxing districts to the same level, as required by law." In count I, plaintiff contends that "the distribution of these funds is in inverse proportion to the level of assessment of the real and personal property of each taxing district," and that such a "distribution * * * based in part upon the assessed values of taxing districts which are not equalized to the same assessment level throughout the State is fraudulent, illegal and void * * *." In count II, plaintiff alleges that "the statutes which permit the distribution of the State grants-in-aid based either directly or indirectly upon the total assessed value of taxing districts, * * * are illegal, void and unconstitutional" because they "grant special privileges to those taxing districts which have a low level of assessment" and deny equal protection where they are "based upon the assessed value of a taxing district and not on the population of that district."

The pertinent statutes at issue here provide that:

"A suit to restrain and enjoin the disbursement of public moneys by the proper officer or officers of the State may be maintained either by the Attorney General, or by any citizen and tax payer of the State disbursing such public moneys." (Ill. Rev. Stat. 1975, ch. 102, par. 12.)

Further,

"Such suit, when prosecuted by a citizen and taxpayer of the State, shall be commenced by petition for leave to file a suit to restrain and enjoin the defendant or defendants from disbursing the public funds of the State.* * *

[After] a hearing, if the court shall be satisfied that there is reasonable ground for the filing of such suit, the court may grant the petition and order the complaint to be filed and process to issue. *The court may, in its discretion, grant leave to file the complaint* as to certain items, parts or portions of any appropriation Act sought to be enjoined and mentioned in such complaint, and may deny leave as to the residue." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 102, par. 14.

The sole issue on appeal is whether the trial court erred in denying plaintiff's request to file his proposed amended complaint. Plaintiff's basic contention is that the trial court should have granted leave to so file because it was neither frivolous nor malicious. We disagree.

■■■ In evaluating the propriety of the trial court's denial of leave to file a complaint to enjoin the disbursement of public money, certain principles are fundamental. First, the allegations in the complaint are assumed to be true (*People ex rel. White v. Busenhart* (1963), 29 Ill. 2d

156, 193 N.E.2d 850), and the trial court must exercise its sound judicial discretion in reaching its determination whether or not to grant plaintiff leave to file his taxpayer's suit (*Lund v. Horner* (1940), 375 Ill. 303, 31 N.E.2d 611). Secondly, the purpose of the statutory requirement that a suit to restrain and enjoin the disbursement of public moneys by officials must be commenced by petition for leave to file such an action was to establish a procedure which would provide a curb upon indiscriminate filings of such suits. *Strat-O-Seal Manufacturing Co. v. Scott* (1963), 27 Ill. 2d 563, 190 N.E.2d 312.

The essence of plaintiff's proposed amended complaint is set forth in plaintiff's brief, wherein he states that:

"The basic contention in the case at bar was that since there were disparities between counties in the equalized assessment levels, those counties which had a lower equalized assessment level received a proportionally greater share of the State grants-in-aid, because the grants were given in inverse proportion to the assessed value of the county, i.[s]., the lower the assessed value of the county, the more State aid they received."

Plaintiff further avers in his brief that:

"It is the contention of the Taxpayers that this state financial assistance is being grossly misallocated to at least five types of local governments because the formulae for distribution incorrectly assumes that the property tax assessments are equalized to the same percentage of market value throughout the State."

Both this court and our supreme court have examined, on numerous occasions over the last decade, plaintiff's continuum of attacks on the assessment and equalization of real property for purposes of taxation as practiced by the public officials in Illinois under the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, pars. 501-811). (See *People ex rel. Hamer v. Jones* (1968), 39 Ill. 2d 360, 235 N.E.2d 589; *Hamer v. Mahin* (1970), 47 Ill. 2d 252, 265 N.E.2d 151; *Hamer v. Mahin* (1973), 13 Ill. App. 3d 51, 299 N.E.2d 595; *Hamer v. Lehnhausen* (1975), 60 Ill. 2d 400, 328 N.E.2d 11; *Hamer v. Kirk* (1976), 65 Ill. 2d 211, 357 N.E.2d 506; and *Hamer v. Kirk* (1978), 57 Ill. App. 3d 335, 373 N.E.2d 64.) It would unduly prolong this opinion to reiterate the history and reasoning contained in these previous discussions. However, plaintiff's assertions concerning the lack of uniformity in county levels of property assessment as practiced by local assessors (Ill. Rev. Stat. 1975, ch. 120, pars. 524, 529, 589, 589.1) and the Department of Local Government Affairs (Ill. Rev. Stat. 1975, ch. 120, par. 627) have been previously considered by our supreme court. In *Hamer v. Kirk* (1976), 65 Ill. 2d 211, 357 N.E.2d 506, the court, in finding that the statutory method for arriving at uniformity in property

assessment (Ill. Rev. Stat. 1975, ch. 120, par. 627) was not unconstitutionally vague, acknowledged that:

> "One harmful effect of nonuniform assessment of property results from the use of equalized assessed valuation in determining the eligibility of a local governmental unit to receive some types of State aid. (*E.g.*, Ill. Rev. Stat. 1975, ch. 122, par. 18—8 (School Code); ch. 23, par. 12—21.13 (Public Aid Code).)" 65 Ill. 2d 211, 217.

The court further admitted that:

> "Without doubt the legislative scheme postpones the arrival of intercounty uniformity of assessment for taxing purposes until the assessment year 1977. And this court has been more than tolerant, considering the deliberate refusal of State and local officials to comply with the law, in recognizing that a sudden change in assessment policy could lead to chaotic conditions in tax collection procedures. The legislation under attack here appears designed to eliminate a part of the problems noted in our earlier opinions, and to promote compliance with article IX, section 4, of the Constitution with as little local disruption as possible. Viewed in this light, the three-year transition period established by Public Act 79-703 is not, in our judgment, so patently unreasonable that it must be struck down." 65 Ill. 2d 211, 219.

In the present case, plaintiff is attempting to collaterally attack this judgment of our supreme court in *Hamer v. Kirk* (1976), 65 Ill. 2d 211, by asserting the same argument of inequality in intercounty uniformity of assessments for taxing purposes under the same Public Act 79-703 (Ill. Rev. Stat. 1975, ch. 120, par. 482(24)). The only difference is that plaintiff here is requesting different remedies and asking for an injunction against the *disbursement* of public moneys collected under these assessments, as well as contesting the *constitutionality* of such disbursements based upon differences in intercounty assessments, whereas, in *Hamer v. Kirk* (1976), 65 Ill. 2d 211, plaintiff asserted the very same argument of inequality in intercounty assessments and asked for an injunction against the issuance of regulations based upon such inequalities in assessment and further that the court declare such assessments unconstitutional under section 146 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 627). Plaintiff's arguments herein are, thus, an impermissible collateral attack on the constitutionality and propriety of existing differences in intercounty uniformity of assessments, which our supreme court has upheld in *Hamer v. Kirk* (1976), 65 Ill. 2d 211.

■■ Additionally, our supreme court has considered the numerous available remedies for the inherent failure of local and State governing

bodies to equalize the levels of assessed property between counties as required by the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 627) in the long succession of plaintiff's cases commencing with *People ex rel. Hamer v. Jones* (1968), 39 Ill. 2d 360. Relevant for our purposes is *Hamer v. Lehnhausen* (1975), 60 Ill. 2d 400, where the supreme court stated, after a review of the available remedial measures to compel statutory compliance in the statewide equalization and assessment of taxes, that:

"Given these alternatives, we feel compelled to once again defer action." (60 Ill. 2d 400, 410.)

Accordingly, we hold that the trial court did not abuse its discretion in denying plaintiff leave to file his amended complaint where plaintiff's complaint amounted to a collateral attack on a prior judgment of the supreme court.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and WOODWARD, J., concur.