RUSSELL G. SCHLENZ *et al.*, Plaintiffs-Appellants, *v.* JOHN W. CASTLE *et al.*, Defendants-Appellees.

Second District   No. 78-586

Opinion filed February 7, 1980.

Paul E. Hamer, of Northbrook, Robert S. Cushman and Thomas J. McNulty, both of Keck, Mayhin & Cate, Jack Uretsky, of Ruff & Grotefeld, and Isham, Lincoln & Beale, all of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), Dennis P. Ryan, State's Attorney, of Waukegan (William J. Blumthal, Assistant State's Attorney, of counsel), and Murray R. Conzelman, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

On October 2, 1979, we filed our original opinion in this cause; on October 4, 1979, the supreme court announced its decision in *Roth v. Yackley* (1979), 77 Ill. 2d 423, 396 N.E.2d 520, which we discuss later; on October 19, 1979, plaintiffs filed a petition for rehearing; on November 19, 1979, we granted rehearing, but the defendants thereafter did not file an answer to the petition as allowed by Supreme Court Rule 367(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 367(d)). Having considered the arguments raised by plaintiffs on rehearing, we have withdrawn our original opinion and replaced it with this modified opinion.

This is an interlocutory appeal from an order denying plaintiffs' motion for a class determination and motion for partial summary judgment. The issues raised are: (1) whether class certification was properly denied; (2) whether the trial court erred by denying plaintiffs leave to substitute new counsel or new class nominees; (3) whether Public Act 80-1471 is valid; and (4) whether the trial court erred by refusing to stay the proceedings.

As to the first issue, plaintiffs seek certification of a class comprised of themselves and all other owners of single-family residential property in Illinois. They allege that the various defendants have, in a variety of ways, been in noncompliance with statutes regarding the assessment and equalization of real estate taxes with the result that there is a disparity in assessment between plaintiffs and owners of other types of real estate. On December 19, 1978, the trial court made a number of oral findings regarding the requirements of class certification set forth in

section 57.2 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57.2). The requirements are:

"Prerequisites for the maintenance of a class action.

(a) An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method of the fair and efficient adjudication of the controversy."

First, the trial court found that because there were probably "millions" of potential plaintiffs, the numerosity requirement was met, and we agree. Second, the court found that questions requiring individual proof predominated over any common questions of fact or law, noting that even if the named plaintiffs proved improper assessment as to their property, that would not establish in other proposed class members a right to recover (see *Goetz v. Village of Hoffman Estates* (1978), 62 Ill. App. 3d 233, 378 N.E.2d 1276), because each other plaintiff would have to prove that the township assessor improperly assessed the property in his township. The court therefore properly concluded that the second requirement was not met. Third, the court found that the named plaintiffs knew essentially nothing about the suit and had simply told the attorney to do whatever he thought necessary. The turning over of complete control to the attorney in a class action has been cited as unacceptable because the attorney then becomes the de facto representative of the class, and this should be viewed as a conflict of interest. (*In re Goldchip Funding Co.* (M.D. Pa. 1974), 61 F. R. D. 592.) That the attorney for a class may not also be the class representative is now a per se rule in Illinois. (*Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226, 384 N.E.2d 316.) The third requirement was accordingly not met. Fourth, the trial court noted that because of the multiplicity of disparate and unrelated factual and legal questions involved, the fourth requirement was not met.

●■■ The prerequisites of section 57.2 of the Civil Practice Act must be established by the proponents of the class action. (*McCabe v. Burgess* (1979), 75 Ill. 2d 457, 389 N.E.2d 565.) *McCabe* also established that the standard of review in Illinois regarding the trial court's determination of whether the requirements for a class action have been met is a determination of whether the trial court abused its discretion. Based on

the record before us, we determine that the trial court's findings that, as to the proposed class, the last three of the prerequisites were not met did not constitute an abuse of discretion. It is possible that plaintiffs may be able to show that a subclass exists (Ill. Rev. Stat. 1977, ch. 110, par. 57.3(b); *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634) and on remand the trial court should, within its discretion, determine whether or not such a subclass can be shown.

The second issue involved the trial court's refusal to allow a substitution of class representatives or a substitution of attorneys for the class. Based on our holding above, that the trial court correctly ruled that the proposed class should not be certified, that a class action could not be maintained as alleged, and based on the reasoning of *Goldchip* and *Barliant*, we determine that if, on remand, the trial court should find that there is a subclass to certify, there should be either a substitution of attorneys or of class representatives. *Barliant.*

The third issue raised by plaintiffs is noncompliance with the notice requirements of section 103 of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, par. 584), which provided that the assessor shall publish notice of assessment changes on or before December 15 of the tax year; timely notice as required by section 103 was not given in the present case which involved increases in assessments for the general real estate taxes levied for 1977 (a nonquadrennial year). In *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332, the supreme court analyzed and interpreted the notice provisions of section 103 and held that improper publication renders a nonquadrennial reassessment void; the court therein clearly held that the statutory notice prescribed was mandatory. Consequently, in this case, the application of *Andrews* renders the reassessments here void because of noncompliance with the publication (notice) provision.

In response to this contention, defendant points out that subsequent to the *Andrews* decision, the legislature enacted Public Act 80-1471, (Ill. Rev. Stat., 1978 Supp., ch. 120, par. 799.1) which became effective on November 30, 1978, purporting to specifically validate reassessments of real property made without proper notice in all nonquadrennial years prior to and including 1978. Plaintiffs and *amici curiae* (Commonwealth Edison and certain parties litigating a similar issue in Du Page County) attack the validity of Public Act 80-1471 on the following basis: (1) it attempts to cure a void proceeding; (2) it violates the uniformity of taxation provision in the Illinois Constitution; (3) it violates equal protection; (4) it violates due process; (5) it violates the "one subject" provision of the Illinois Constitution; and (6) it offends the concept of separation of powers. Only consideration of basis (1) and (6) above is necessary for our decision as we find Public Act 80-1471 unconstitutional.

●■■ Curative acts are within the power of the legislature (*People ex rel.*

*Toman v. Mercil & Sons Co.* (1941), 378 Ill. 142, 37 N.E.2d 839); further, the legislature may amend an act after a construction by the courts and the amendment constitutes a more recent expression of legislative intent and establishes a new rule. (*In re Estate of Zimmerman* (1978), 63 Ill. App. 3d 560, 380 N.E.2d 434.) However, the recent case of *Roth v. Yackley* (1979), 77 Ill. 2d 423, 396 N.E.2d 520, carefully distinguishes between amendatory statutes which operate prospectively and are therefore acceptable and amendatory statutes which attempt to operate retroactively in contravention of an interpretation announced by a court of a prior statute and which is therefore improper. As the supreme court stated in *Roth*:

> "The General Assembly's declaration that the amendatory act applies to events which occurred before the effective date of the amendatory statute represents a legislative attempt to retroactively apply new statutory language and to thereby annul a prior decision of this court. This is an assumption by the General Assembly of the role of a court of last resort in contravention of the principle of separation of powers embodied in article II, section 1, of the Illinois Constitution of 1970, which provides: 'The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another.' " (77 Ill. 2d 423, 428-29.)

We accordingly conclude that Public Act 80-1471 violates the principle of separation of powers insofar as it attempts to validate real estate assessments made without proper notice for all nonquadrennial years prior to and including 1978 and because it seeks to nullify a prior decision of our supreme court which clearly interpreted the law as it existed prior to November 30, 1978.

Finally, plaintiffs contend that it was error to not stay the proceedings pending appeal. The staying of proceedings is within the discretion of the trial court, and, considering the ability of the named plaintiffs to continue the presentation of their cause as individuals, and the fact that any other possible plaintiffs also could have filed separate actions or separate tax objections, thereby avoiding prejudice, we hold that there was no abuse of discretion in denying the stay.

Affirmed in part, reversed in part, and remanded.

NASH, J., concurs.